STATE of Missouri, Plaintiff–
Respondent,

v.

Donald Shane SPERLING,
Defendant–Appellant.

No. SD 30960.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 2011.

Kent Denzel, Columbia, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Donald Shane Sperling ("Appellant") was convicted by a jury of first-degree domestic assault and armed criminal action. The trial court sentenced him to two concurrent terms of twenty-five years imprisonment. He brings this appeal claiming the trial court erred in admitting photographs of his arms after his arrest because the presence of tattoos in the photographs were prejudicial to his defense. We find no error and affirm the judgment.

The facts, which this Court reviews in a light most favorable to the verdict, *State v. Christeson*, 50 S.W.3d 251, 257 (Mo. banc 2001), are as follows:

Appellant and T.M. ("Victim") were romantically involved and living together in Victim's home with her three sons. Victim had previously been married and her ex-husband was living in Georgia. On a night prior to the attack, Appellant and Victim had been arguing. Victim called Appellant "crazy" to which Appellant replied, "If you think I'm crazy, you'll see how crazy I am." Victim testified that she had seen Appellant with a knife before she was stabbed. Victim and two of the children had recently returned from a trip to Georgia when Appellant requested that one of Victim's sons join him outside in the front yard and questioned him privately about whether Victim had seen her ex-husband while away. Appellant kept his right hand "on his pocket on the outside like he was trying to pull something" during the conversation.

While talking to her friend on a cordless telephone, Victim came outside from around the back of the residence to where the meeting was occurring. When Victim arrived in the front, the children went inside to a bedroom. Victim started walking toward the house, while still on the phone, but Appellant followed her step by step. Victim turned around, told Appellant he was "freaking [her] out," and asked him what he was doing. As she continued walking toward the door, Appellant began yelling and attacked her.

Victim testified, "I guess that's when he stabbed me, but I thought he hit me." The blow "popped [her] back from the neck—from the top of [her] neck all the way down." The attack caused Victim to be unable to breathe, which prompted her to believe she was having a severe asthma attack. Victim fell to the ground and Ap-

pellant continued the attack. Victim testified that it felt as if Appellant was punching her. She testified, "I just know he hit me. That's what it felt like, a big ol' blow to my back." Victim was rushed to the hospital by ambulance. Victim had been stabbed nine times, including a cut near her throat, a wound to her left breast, her left arm, other small lacerations throughout her body, and a deflated lung.

After the attack, Appellant fled the scene. He turned himself in to Sergeant Hall of the Ava Police Department the next day. Sergeant Hall noticed fresh scratches on Appellant's arms. Photographs were taken of Appellant's arms and were admitted at trial over defense counsel's objection. Appellant claims error in the admission of these photographs.

A trial court has broad discretion in the admission of photographs, and its decision will not be overturned absent an abuse of discretion. *State v. Strong,* 142 S.W.3d 702, 715 (Mo. banc 2004). An abuse of discretion occurs when the trial court makes a ruling that " 'is clearly against the logic of the circumstances before it' " and " 'the ruling is so arbitrary and unreasonable as to shock [one's] sense of justice and indicate a lack of careful consideration.' " *State v. Garvey,* 328 S.W.3d 408, 417 (Mo.App. E.D.2010) (quoting State *v. McGowan,* 184 S.W.3d 607, 610 (Mo.App. E.D.2006)).

"Photographs are admissible if they accurately and fairly represent what they purport to depict and tend to prove or disprove any elements of the charged offense." *State v. Jaco,* 156 S.W.3d 775, 778 (Mo. banc 2005). A photograph is not inadmissible just because other evidence describes what is shown in the photograph. *State v. Rousan,* 961 S.W.2d 831, 844 (Mo. banc 1998). Photographs are relevant in a wide range of circumstances, among which are the tendency to identify

the defendant, to corroborate the testimony of the party offering the evidence, or to otherwise assist the jury in understanding the testimony or help in proving an element of the crime. *State v. Brooks,* 960 S.W.2d 479, 501 (Mo. banc 1997); *State v. Walker,* 639 S.W.2d 854, 858 (Mo.App. E.D.1982); *State v. Ward,* 569 S.W.2d 341, 345 (Mo.App.St.L.D.1978). As with other relevant evidence, a photograph should not be excluded from evidence unless its prejudicial effect outweighs its probative value. *Rousan,* 961 S.W.2d at 844. When reviewing trial court decisions regarding the admissibility of evidence the court examines for prejudice, not mere error, and reversal is only appropriate if the error was so prejudicial that the defendant has been deprived of his right to a fair trial. *State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996).

Appellant does not contend that the photographs do not fairly depict fresh scratches on Appellant's arms. Rather, he argues that the photographs show "prison tattoos and other tattoos depicting the occult, violence and otherwise distasteful images." Appellant argues that the photographs represent evidence of bad character of the accused and are duplicative. Appellant's tattoos are not examples of prior bad acts in and of themselves. The testimony regarding the photographs was as follows:

[Prosecutor]: I'm going to show you State's Exhibit 31. Sorry or excuse me, 30. Uh, do you recognize—can you describe for the jury what that picture is?

[Sergeant Hall]: Yeah. Those—that is the scratches that I'd seen on his left arm.

[Prosecutor]: Okay. And those are the scratches you were describing. That's what

you felt to be fresh scratches?

[Sergeant Hall]: Yes, ma'am.

[Prosecutor]: Show you a picture, State's Exhibit 31. Can you describe for the jury what that picture is?

[Sergeant Hall]: Those are some of the scratches that I'd seen on his right arm.

[Prosecutor]: And those accurately depict how you saw them when he turned himself in to you, correct?

[Sergeant Hall]: Yes, ma'am

There is no discussion of the tattoos other than the scratches that were clearly visible on Appellant's arms. The tattoos on Appellant's arms were not mentioned during the examination. There were no references to the occult, Satan, violence, prison, or other distasteful images. Further, as the State points out, it is difficult to discern what images are tattooed on Appellant's arms due to the positioning of his arms in the photographs and the fact that only a portion of Appellant's left arm tattoo is visible. The images seem to be of a horned Viking and a grim reaper, however, without testimony confirming that these images are of the occult, Satanic in nature, or are prison related, such an inference by the jury is extremely unlikely. Thus, the categorization of the photographs as negative character evidence is misplaced. The photographs are merely demonstrative evidence to show the fresh scratches on Appellant's arms. The pictures accurately depicted the scratches on Appellant's arms, they tended to corroborate the testimony of Victim that she was attacked by Appellant, and they aided the jury in understanding Victim's testimony and the State's theory that Appellant fled into the woods after the attack.

 Even if there was error, which we do not find, the error must have been so prejudicial as to deprive Appellant of a fair trial. The evidence that Appellant was the perpetrator of the crimes against Victim was overwhelming. Appellant was identified by Victim as her attacker; he was the only person outside with Victim at the time of the attack; he fled the scene after the attack; he threatened Victim the night before the attack; Victim saw Appellant handling a knife on the night of the attack; and Appellant was upset with Victim because she had seen her ex-husband while in Georgia. The point is denied.

The judgment of the trial court is affirmed.

BURRELL, P.J., and LYNCH, J., concur.