

# Missouri Court of Appeals

## Southern District

### In Division

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) No. SD37765 |
| vs. | ) |
| | ) FILED: January 9, 2024 |
| FLOYD E. MARTIN, JR., | ) |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Judge

**<u>AFFIRMED</u>**

A jury found Floyd E. Martin, Jr. ("Defendant") guilty of four counts of the class D felony of unlawful possession of a firearm. *See* section 571.070.[1] In this appeal, Defendant claims the circuit court erred in admitting photographs purportedly showing a methamphetamine laboratory in his residence as these photographs constituted impermissible evidence of prior bad acts or misconduct. We find no error and affirm the judgment.

In response to a hotline call, workers from the Missouri State Department of Social Services, Children's Division, with the assistance of the Butler County Sheriff's Office, sought to perform a wellness check at a residence where Defendant lived with his four children and his

---

[1] All statutory references are to RSMo Cum.Supp. (2017).

brother, a ward of the State. Although Defendant initially refused to allow the workers and police inside the residence, he eventually relented. During the wellness check, a loaded .22-caliber long rifle was discovered in the hallway just outside of Defendant's bedroom. The police placed Defendant under arrest following a background check revealing that he was a convicted felon. After securing a search warrant, police additionally recovered a 7.62-caliber semi-automatic SKS-style rifle, a bolt-action rifle in Defendant's bedroom behind a toy chest, and a loaded .32-caliber pistol in a drawer in the kitchen. At trial, Defendant unsuccessfully argued that he did not possess these weapons.

State's Exhibits 1, 2, 3, and 11 are relevant to our discussion of Defendant's point on appeal. Taken together, these exhibits depict the .22-caliber long rifle and a basement hallway of the residence. Three rooms are depicted at the end of this hallway—one to the left, one in the middle, and one to the right. Exhibit 1 depicts the .22-caliber long rifle and its location. The foreground of the picture shows the .22-caliber long rifle leaning against the open door to the room to the right while the background of the picture permits a view slightly around the door frame that leads into the middle room. Exhibit 2 depicts a closeup of the .22-caliber long rifle in the same location showing significantly less of the surrounding detail. Exhibits 3 and 11, which appear to be identical, depict the entrances to all three rooms, including the room to the left, which was revealed to be Defendant's bedroom. The angle of Exhibits 3 and 11 permit a view straight into the middle room. Exhibit 2 is the only one of these exhibits that does not permit a clear view into the middle room.

Defendant filed a motion in limine seeking to exclude Exhibits 1, 3, and 11 on the basis of prior bad acts. Specifically, Defendant argued that the photographs depict what appears to be an "unused methamphetamine lab" in the middle room. During argument on the motion,

Defendant's counsel conceded that "there [were] no illegal substances that were found in this basement." But Defendant's counsel nevertheless argued that the photographs should be excluded from evidence because they show "tubing" and "glass containers."

Upon hearing argument and reviewing the photographs, the circuit court observed "I have no idea what the clutter is in the background" and ultimately overruled Defendant's motion in limine. When the State later introduced the photographs at trial, the circuit court acknowledged Defendant's previous objection, incorporated that objection by reference, and ruled that the photographs were admitted over that objection. The State used Exhibits 1 and 3 as proof of Defendant's possession of the .22-caliber long rifle. Specifically, the State used Exhibit 1 to depict the .22-caliber long rifle's location and Exhibit 3 to depict the proximity of that location to Defendant's bedroom. The State later used Exhibit 11 to again depict the location of Defendant's bedroom, but this time in the context of the 7.62-caliber semi-automatic SKS-style rifle and the bolt-action rifle found within Defendant's bedroom. The State never referenced, elicited testimony, speculated as to the purpose of, or otherwise directed the jury's attention to the middle room depicted in the photographs or to the paraphernalia therein.

A circuit court has broad discretion in deciding whether to admit or exclude evidence at trial. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). The circuit court's decision will be reversed only if it has clearly abused this discretion. *Id.* An abuse of discretion occurs when a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration. *Id.* In addition, this Court reviews for prejudice, not mere error, and we will reverse only if we find prejudice. *Id.*

In his single point on appeal, Defendant claims the circuit court "abused its discretion in admitting State's Exhibits 1 and 3" because "this evidence was offered as evidence of 'prior bad

3

acts' or misconduct on [his] part as it showed what looked like a methamphetamine laboratory in the basement of [his] residence," and the evidence was "vastly" more prejudicial than probative of whether Defendant "was the actual owner of the firearms in question." Defendant asserts he was prejudiced by this evidence because "he successfully injected a degree of doubt regarding whether he was the actual owner of the guns, and this evidence likely swayed the jury in spite of this doubt." This point fails for several reasons.

First and foremost, Defendant's point neglects to address or challenge the admission of Exhibit 11. Because Defendant challenges Exhibits 1 and 3 for depicting generally the exact same purported unused methamphetamine laboratory equipment as is depicted in Exhibit 11, the former challenged exhibits are merely cumulative to the latter unchallenged exhibit. "A complaining party is not entitled to assert prejudice if the challenged evidence is cumulative to other related admitted evidence." *Saint Louis Univ. v. Geary*, 321 S.W.3d 282, 292 (Mo. banc 2009) (internal quotation marks omitted). While Exhibit 1 is not identical to Exhibit 11 and depicts a slightly different viewpoint into the middle room, Defendant makes no argument that this slight difference is in any way material.

Moreover, contrary to Defendant's argument otherwise, possessing "tubing" and "glass containers" do not constitute prior bad acts or misconduct in and of themselves, nor did the State offer Exhibits 1 and 3 into evidence to suggest such. The record reveals, instead, that the photographs were offered into evidence for the purpose of proving Defendant's possession of the .22-caliber long rifle. A convicted felon "commits the offense of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession . . . ." Section 571.070.1. Thus, as is the case here, "[p]hotographs are admissible if they accurately and fairly represent what they purport to depict and tend to prove or disprove any elements of the charged

4

offense." **State v. Jaco**, 156 S.W.3d 775, 778 (Mo. banc 2005). And "[a]s with other relevant evidence, a photograph should not be excluded from evidence unless its prejudicial effect outweighs its probative value." **State v. Sperling**, 353 S.W.3d 381, 383 (Mo.App. 2011). Defendant offers no explanation as to how the "tubing" and "glass containers" shown in the background of the photographs—devoid of any suggestion these items were or could be used in the formulation of methamphetamine—amounted to prejudice outweighing the probative value of demonstrating the necessary element that Defendant possessed the .22-caliber long rifle.

Defendant, instead, merely attempts to undercut the clearly established probative value of Exhibits 1 and 3. Defendant observes that the challenged exhibits do not by themselves identify the room to the left as Defendant's bedroom and the State relied on witness testimony to so identify the room. Defendant asserts the challenged exhibits offered no "additional" probative value beyond that of Exhibit 2, which showed the .22-caliber long rifle but omitted the purported unused methamphetamine laboratory. According to Defendant, because the State relied on witness testimony to identify Defendant's bedroom, and Exhibit 2 showed the location of the .22-caliber long rifle, Exhibits 1 and 3 were unnecessary to demonstrate possession. This argument fails because "[a] photograph is not rendered inadmissible simply because other evidence describe[s] what is shown in the photograph." **State v. Rousan**, 961 S.W.2d 831, 844 (Mo. banc 1998). For this and all the foregoing reasons, Defendant has failed to demonstrate an abuse of discretion has occurred and his point is denied.

The circuit court's judgment is affirmed.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS